*353 OPINION.
Black :
We have already stated the issues in this proceeding. The first and principal issue is whether the conveyance to the corporation of the Olmos Park Tract of land by the owners thereof, who were also stockholders of the corporation, was a sale to the corporation for $617,500 net to the owners, or whether, as respondent contends, the land was conveyed to the corporation in payment of its capital stock, or as paid-in surplus to the corporation. In either of the latter events the respondent contends that the corporation would take the same basis for computing gain or loss as the transferors, which has been stipulated to be $750 per acre.
As pointed out in our findings of fact, the land was conveyed to the corporation by general warranty deed and the consideration stated in the deed was $10 and other valuable considerations. It is clear that *354 the other valuable considerations mentioned in the deed were not shares of the corporation. The evidence shows clearly that the entire capital stock of the corporation, 3,000 shares of no par value, was issued in payment for the Camarillo Tract of 305 acres. The affidavits required by the State of Texas showing payment for the capital stock as a condition precedent to issuing the corporation’s charter, show that the Camarillo Tract was paid in for the corporation’s capital stock and that the Camarillo Tract was worth $30,000.
There is no evidence whatever that the Olmos Park Tract figured in any way as payment for stock. There is likewise no evidence that the owners of this tract of land intended to make a gift of the land to the corporation or intended to pay it in to the corporation as “ paid-in surplus.”
The facts in the instant case are not like those present in Rosenbloom Finance Corporation, 24 B. T. A. 763, where Sol Bosenbloom was the owner of a large stock of barrel whiskies which was stored in warehouses and had greatly appreciated in value, and Bosenbloom, in order to escape tax on their sale, transferred them to the Bosen-bloom Finance Corporation, of which he was majority stockholder, as paid-in surplus, the corporation then claiming a stepped-up basis for gain or loss based on the market value of the whiskies at the time transferred to it by Bosenbloom. The Board sustained the contention of the taxpayer corporation in that case and held that by reason of the fact that the warehouse certificates were transferred to the corporation as “ paid-in surplus ” the corporation got a new basis and did not take the basis of cost of the transferor.
The court, however, in Commissioner v. Rosenbloom Finance Corporation., 66 Fed. (2d) 556, reversed the Board and held that the transfer of the warehouse certificates by Bosenbloom to the Bosen-bloom Finance Corporation amounted to a gift, notwithstanding the forms adopted to show “ paid-in surplus ”, and that the corporation on a future sale of the warehouse certificates took the same basis as the transferor. On that point the court said:
The taxpayer paid Bosenbloom no money, stock, or other consideration therefor. It was a voluntary transfer of property without consideration or compensation therefor, and the form it took involved no ownership by any third party, and, whatever form or semblance it took, in substance and reality it was a transfer with the aim of avoiding tax. In our judgment it was a gift.
In the instant case it is clear that there was neither a gift of the Olmos Park Tract nor a paying of it in as surplus to the corporation. There was a sale of the land to the corporation by the stockholders for which they were to be paid and were in fact paid $617,500. We do not think it is of any controlling significance that some of the payments were denominated “ dividends ” in the corporate resolutions directing their payment and some were denominated “ distri *355 butions of capital.” The significant fact is that all such payments were understood by the parties to be payment of indebtedness which the corporation owed the stockholders and were treated as such by the stockholders in their income tax returns and by the corporation on its books. We think the facts of the instant case are very similar to those present in Curran v. Commissioner, 49 Fed. (2d) 129. In that case a majority stockholder, Curran, had deeded a building to the Con. P. Curran Printing Co., the deed reciting a consideration of $100, but the real consideration being an agreement by the corporation to pay Curran $150,000 for the building. Subsequently, the corporation declared a so-called dividend of $150,000, although providing specifically that none of the money could be withdrawn by the stockholders and that $76,500 of it should be credited to Curran on an open account of indebtedness which he owed the corporation. The Commissioner held that the $76,500 which was credited to Curran on the books of the corporation was a dividend and should have been included in his return for taxation at surtax rates. Curran contended that, notwithstanding the payment was denominated a dividend on the books of the corporation, it was nevertheless a payment on the sale price of the building which he had sold to the corporation and that, since he had sold the building to the corporation for less than it had cost him, there with no taxable gain in the receipt of the payment of $76,500.
The court sustained Curran’s contention and in doing so, among other things, said:
The form of a transaction is unquestionably pertinent evidence as to what the transaction really is, yet it is not always controlling. This is illustrated by the well-recognized rule that a deed, absolute in form, may be shown to be a mortgage. This same principle is true in applying the revenue statutes unless there is some forbidding expression or necessary implication in the particular statute. When this statute seeks to tax income as derived from corporate dividends, obviously, it means income derived from corporate earnings which accrue to the stockholder solely because of his relation as such to the corporation. It has no design to so tax money paid to the taxpayer as the purchase price of property. The form is not conclusive evidence that the payment really and essentially and solely was a corporate dividend. Doyle v. Mitchell Bros. Co., 247 U. S. 179, 183, et seq., 38 S. Ct. 467, 62 L. Ed. 1054. Even the evidentiary force of form is weakened where, as here, the transaction includes elements unusual or opposed to a transaction which the form would ordinarily or necessarily represent.
So, giving effect to all the evidence in this case, we hold that the transfer of the Olmos Park Tract to the corporation was a sale and that the price agreed to be paid by the corporation to the owners of the land was $617,500 net to them. Cf. Georgetown Water Gas & Electric Co., 28 B. T. A. 321; Abe Ackerman, 27 B. T. A. 413. The second issue is whether the payments made to Emmy Dittmar *356 in the taxable year in question are taxable as dividends, as determined by the Commissioner, or were payments to her as a part of the purchase price of the Olmos Park Tract and taxable, to the extent of profits thereon, as capital net gain. This issue is necessarily determined by what we have already held on issue 1.
Therefore on issue 2, we hold in favor of the taxpayer.

Decision will be entered wider Rude 50.